UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN F. MESCALL,

    Petitioner,

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

Case No. 20-12687
Honorable Thomas L. Ludington

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Sean F. Mescall, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan") seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges several conditions of confinement at FCI-Milan. Petitioner also seeks to be released to home confinement. For the reasons that follow, the Petition for a Writ of Habeus Corpus will be dismissed with prejudice.

**I.**

Petitioner is serving a fourteen-year sentence for securities fraud, 15 U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b–5 (2014); wire fraud, 18 U.S.C. § 1343; and money laundering, 18 U.S.C. § 1956(a)(1)(B)(i). *See United States v. Mescall*, 624 F. App'x 103 (4th Cir. 2015).

On September 25, 2020, Petitioner filed a habeas petition, claiming that prison officials have denied him the right of access to the courts, access to the law library, have interfered with his legal mail, and have denied him grievance forms. Petitioner also seeks release to home confinement. ECF No. 1.

## II.

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face." *Id.* (citing *McFarland v. Scott,* 512 U.S. 849, 856 (1994)). The Sixth Circuit, in fact, long ago indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. "No return [to a petition] is necessary when the petition is frivolous, or obviously lacks merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

Where a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, "habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration." *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims which challenge the conditions of confinement should instead be brought in federal court as a civil action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Lutz*, 746 F. Supp. 2d at 718.

Petitioner's claim that he is being denied access to the courts is a challenge to the conditions of confinement which cannot be brought as a habeas action. *See Allen v. Lamanna,* 13 F. App'x

308, 311 (6th Cir. 2001). Petitioner's related claim that he is being denied meaningful access to a law library should not be brought as a habeas action but should instead be brought as a civil rights complaint because it involves a challenge to his conditions of confinement. *See Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008). Similarly, Petitioner's claim "that prison officials have interfered or are interfering with his mail is a civil rights claim that is not cognizable on habeas review." *Lutz*, 476 F. Supp. 2d at 718 (citing *Thomas v. Keohane*, 876 F.2d 895 (6th Cir. 1989)). Finally, Petitioner's claim that prison officials are denying him grievance forms is likewise a challenge to the conditions of confinement that cannot be maintained in a habeas action. *Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 57 (3d Cir. 2014).

This Court will not convert Petitioner's habeas petition into a civil action brought pursuant to *Bivens*. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). Under the PLRA, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire [$350.00] fee at the initiation of the proceeding or over a period of time under an installment plan." *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a "certified copy of [his] prison account statement showing the activity in the inmate's prison account for the previous six months." *McGore*, 114 F.3d at 605. In addition, the PLRA requires that district courts screen all civil cases brought by prisoners. *Id.* at 608. If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), "a district court

must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who is/are immune from such relief." *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999).

Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under 42 U.S.C. § 1983 or *Bivens* should dismiss the petition, rather than "converting" the petition to a civil action. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that district court should have dismissed petitioner's § 2241 petition without prejudice to allow him to raise civil rights claims properly under § 1983). Accordingly, the Petition will be dismissed with prejudice.

Petitioner also requests transfer to home confinement. Under 18 U.S.C. § 3621(b), "[t]he BOP, not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). Petitioner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to . . . home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). Accordingly, Petitioner is not entitled to habeas relief on this claim. *Id.*

### III.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*. A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). And an appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: January 7, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Sean F. Mescall** #25255-058, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on January 7, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager